*PERILLAT vs. PUECH.*

The part of a witness's testimony, relating what he heard others say, must be rejected.

APPEAL from the court of the parish and city of New-Orleans.

MATHEWS, J. delivered the opinion of the court. This suit is brought to recover the rents and profits of certain property situated in the city of New-Orleans, which was sold by the plaintiff to the defendant, with a right of redemption, by refunding the price to the buyer. The sale was made for the sum of twelve hundred dollars; and it is alleged in the petition, that it was a mere cover to an usurious contract, agreed on between the parties to the act of sale, wherein an interest of 18 per cent. per an. had been stipulated to be paid by the borrower, on the sum secured by the sale of the property. The cause was submitted to a jury in the court below, who found a verdict for the plaintiff, and the defendant appealed from a judgment thereon rendered.

To show the real nature of the contract, the appellee relies principally on the testimony of a witness named Trenchard, who appears to have been a money broker.

PERILLAT
*vs.*
PUECH.

Some reliance was also placed by his counsel, in the argument of the cause before this court, on the peculiar stipulations on the part of the vendor, in the act of sale, &c. Those appear to be pretty much in conformity with the obligations which the law imposes on a seller, on a *pact a remere*, without any express agreement in the instrument to that effect, and are therefore of little avail in demonstrating any fiction or fraud in the present act of sale. If the whole testimony of the witness had been legally permitted to go to the jury, we should not disturb their verdict. But the most important part of it, appears to be a relation of facts, the knowledge of which, he acquired from a third person, not interested in the suit. That part is clearly hearsay evidence, and not admissible

It was excepted to by the counsel for the defendant, and the exception must prevail. Independent of this testimony, the record does not exhibit sufficient proof to support the claim of the plaintiff.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be avoided reversed and annulled;

and it is further ordered, &c. that judgment be rendered for the defendant, as in case of non suit, with costs in both courts.

*S. C.Young & Lockett* for appellee, *Denis* for eppellant.